UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Jerome Scott, ) C/A No. 5:18-685-JFA-KDW
)
          Petitioner, )
)
vs. ) ORDER
)
John Pate, )
)
          Respondent. )
_____ )

The *pro se* petitioner, Jerome Scott, brings this action pursuant to 28 U.S.C. § 2254 challenging his 1988 state court conviction in Berkeley County, South Carolina after he pled guilty. The petitioner alleges that there is no subject matter jurisdiction of the trial court that entered his conviction in 1988.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein she opines that the petition should be summarily dismissed because it is successive and the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge further notes that the petitioner has twice raised this challenge to his state conviction in *Scott v.*

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

*South Carolina,* C/A No. 3:99-3932-GRA (decision finding petition successive), and *Scott v. Evatt*, C/A No. 3:94-745-GRA (decision on the merits; summary judgment for respondent). The petitioner concedes that he has not obtained authorization from the Fourth Circuit Court of Appeals to file the third and present petition.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 7, 2018. The petitioner filed a two-page response/objection wherein he asks this court to act on his petition based on the merits and issue an order to the lower courts and tell the courts not to ignore his petitions filed in their courts. No substantive or specific objection to the Magistrate Judge's Report was made by the petitioner. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the

absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds that the Magistrate Judge's recommendation is proper and it is adopted and incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

June 1, 2018
Columbia, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."